UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

OSCAR COOK III, ET AL.                                CIVIL ACTION

VERSUS                                                NO. 18-3636

PENSKE TRUCK LEASING CO., L.P.                        SECTION: "H"

# ORDER AND REASONS

Before the Court is Defendant Penske Truck Leasing Company, L.P's unopposed Motion for Summary Judgment (Doc. 26). For the following reasons, the Motion is **GRANTED**.

# BACKGROUND

This personal injury suit arises out of a rear-end collision that occurred on Interstate 10 in St. Charles Parish, Louisiana. On April 6, 2017, Plaintiff Oscar Cook was a passenger in an 18-wheeler being driven by Terrell Sims. At the time, Cook and Sims were employees of Airgas, LLC ("Airgas"), which was renting the 18-wheeler from Defendant Penske Truck Leasing Company, L.P. ("Penske"). Plaintiffs allege that Cook was sleeping in the 18-wheeler's sleeper berth when the collision occurred.[1] Plaintiffs further allege that the force of the collision caused Cook to be thrown from the truck's sleeper berth into the

---

[1] Plaintiffs include Oscar Cook, III ("Oscar Cook"); Oscar's wife, Tracy Cook; and Oscar's children, Jayla Cook and Javon Cook.

1

truck's passenger cabin. Plaintiffs allege that Cook suffered severe and permanent injuries as a result of this crash.[2]

The only Defendant in this suit is Penske, and the only claim against it is one arising in negligence. The negligence claim stems from an allegation that Penske violated federal safety regulations by failing to equip its 18-wheeler with an operational sleeper berth restraint system. "In fact, said vehicle lacked any restraint system in the sleeper berth in which Mr. Cook was riding at the time of the Accident," Plaintiffs allege.[3] Plaintiffs do not allege that Penske was negligent in any other manner except in its alleged failure to equip its truck with a working seat belt in the truck's sleeper berth.[4]

On March 29, 2019, Defendant Penske filed the instant Motion for Summary Judgment. In support, Defendant argues that the undisputed record shows that the 18-wheeler in question was in fact equipped with a functioning sleeper berth restraint system before, during, and after the April 2017 crash in which Cook was injured. The Motion came under submission on April 24, 2019. Plaintiffs filed no Opposition to the Motion. The Fifth Circuit approaches the automatic grant of dispositive motions with considerable aversion.[5] Accordingly, this Court has considered the merits of Defendant's Motion.

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled

---

[2] Doc. 9 at 6.
[3] Doc. 9 at 4–5.
[4] *See* Doc. 9.
[5] *See, e.g.*, Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc., 702 F.3d 794, 806 (5th Cir. 2012); Johnson v. Pettiford, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam); John v. State of Louisiana (Bd. of Trs. for State Colls. and Univs.), 757 F.2d 698, 709 (5th Cir. 1985).

2

to judgment as a matter of law."[6] "A motion for summary judgment cannot be granted simply because there is no opposition; [h]owever, a court may grant an unopposed summary judgment motion if the undisputed facts show that the movant is entitled to judgment as a matter of law."[7] "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by [the Federal Rules of Civil Procedure], the court may . . . consider the fact undisputed for purposes of the motion [and] grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it."[8]

## LAW AND ANALYSIS

Plaintiffs' claims rest entirely upon the allegation that the truck in-question lacked a functioning sleeper berth seat belt at the time of the crash in which Plaintiff Oscar Cook was injured. The undisputed facts, however, are as follows: "The tractor-trailer in which Oscar Cook, III, was riding was equipped with restraint systems in the tractor's sleeper berth compartment at the time of the accident forming the basis of this suit."[9] Additionally, "[t]he restraint systems in the sleeper berth of the tractor-trailer in which Oscar Cook, III, was riding were operational at the time of the accident forming the basis of this suit."[10] Defendant submitted authenticated inspection records and photographs to support these undisputed facts. Defendant Penske has thus

---

[6] FED. R. CIV. P. 56.
[7] Day v. Wells Fargo Bank Nat. Ass'n, 768 F.3d 435 (5th Cir. 2014) (citing Hibernia Nat. Bank v. Administracion Cent. Sociedad Anonima, 776 F.2d 1277, 1279 (5th Cir. 1985)) (internal quotations and citations omitted).
[8] FED. R. CIV. P. 56(e). *See* Calais v. Theriot, 589 F. App'x 310, 311 (5th Cir. 2015).
[9] Defendant's Statement of Material Facts, No. 1. Doc. 26-20.
[10] Defendant's Statement of Material Facts, No. 2. Doc. 26-20.

carried its burden to show that there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion is **GRANTED**, and Plaintiffs' claims are **DISMISSED** with prejudice.

New Orleans, Louisiana this 7th day of May, 2019.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**